Complaint fails to state a cause of action against Campbell.

In re: **PETITION TO SUBMIT BALLOT QUESTION TO CONCORD TOWNSHIP VOTERS.**

**Appeal of: Concord First and Colette Brown.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2014.
Decided Sept. 26, 2014.

entitled to counsel fees or costs.

Francis J. Catania, Solicitor, Media, for appellee The Delaware County Bureau/Board of Elections.

BEFORE: DAN PELLEGRINI, President Judge, and BONNIE BRIGANCE LEADBETTER, Judge, and ROBERT SIMPSON, Judge.

OPINION BY Judge LEADBETTER.

On July 28, 2014, Appellants, Colette Brown, and a citizens group named Concord First, filed a petition with the Court of Common Pleas of Delaware County requesting that the ballot question "Should Concord Township become a Township of the First Class?" be placed on the November 2014 ballot. The petition contained 994 signatures out of 11,640 registered voters, approximately 8.5% of the registered electors. The petition asserted that the 2010 Census showed that Concord Township encompassed 13.7 square miles and had a population of 17,231 inhabitants, which equals approximately 1,258 inhabitants per square mile.

Appellees, who are various qualified electors, filed objections to the petition asserting that the petition was procedurally and substantively defective. The Delaware County Bureau of Elections filed a petition to intervene and a request for declaratory relief. The Bureau asserted that Appellants had not complied with the relevant statutory sections, a home rule study commission referendum question is already on the ballot and that, if Appellants' question is successful, the reorganization of the township government may result in a violation of the Pennsylvania Constitution.

After holding a hearing, common pleas issued an order denying the petition. In an opinion in support of its order, common pleas concluded that the petition was not timely filed under the requirements of Section 207 of the First Class Township Code of 1949 (Code), Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 55207.[1] This appeal followed.

Appellants filed their petition pursuant to Section 207 of the Code, which provides:

> At the first general or municipal election occurring, at least ninety days after the ascertainment, by special enrollment or from the last preceding United States census, that any township of the second class has a population of at least three hundred inhabitants to the square mile, and after a petition signed by at least five per centum of the registered voters of the township has been filed in the quarter sessions court, the question whether such township of the second class shall become a township of the first class shall be submitted to the voters of the township, and the county board of elections shall cause to be printed on separate ballots, to be used in such township at such election, a proper question framed in accordance with the Pennsylvania Election Code.

53 P.S. § 55207.[2] A township of the first class has a population density of at least 300 inhabitants per square mile. Section

---

1. Common pleas also noted that some signatures on the petition were double-signed and that one witness testified that the collector of her signature was a woman, but the affiant was a male, thus invalidating the signatures appearing on that page.

2. The population of a township may be ascertained in two ways. First, Section 205 of the

201 of the Code, 53 P.S. § 55201. A second class township may become a first class township only as provided by the Code. *Id.*

Appellants dispute common pleas' conclusion that the petition was not timely filed because the first general election occurring at least 90 days after ascertainment of the Township's population density by the 2010 United States census was in calendar year 2012, and the first municipal election occurring at least 90 days after the ascertainment of the population by census occurred in calendar year 2013. (It is undisputed that the procedures for ascertainment by special enrollment were never undertaken.) Appellants argue that the phrase "first ... election occurring at least ninety days after" applies to the completion of *both* prerequisites, ascertainment of the population density by census *and* the filing of a petition with the court.

Code, 53 P.S. § 55205, titled "Enrollment to ascertain population," provides in relevant part that:

> At any time not less than one year before the time fixed for taking a decennial census of the United States, whenever the owners of twenty-five per centum of the assessed valuation of the real estate of any township of the second class shall present their petition to the court of quarter sessions, averring that the population of the township is at least three hundred inhabitants to the square mile, and shall give such security as the court may prescribe for the payment of all costs and expenses which may be incurred in any procedure had upon said petition, the court shall appoint a commissioner to perform the duties hereafter prescribed.

Section 205 further provides that the commissioner shall make an enrollment of the inhabitants of the township and make a report to the court. *Id.* Upon filing, the report shall be confirmed nisi and such confirmation shall become absolute unless exceptions are filed within 30 days. *Id.* During the 30 day exception period, the confirmation must be advertised in a newspaper of general circulation once a week for three weeks. *Id.* If the court confirms or modifies the report, the clerk of

They thus assert that this time limitation was not satisfied until they filed their petition with the court 97 days prior to the 2014 general election.

We disagree with Appellants' construction of the statute, and agree with the trial court that "first election" relates only to the phrase with which it is immediately juxtaposed, "ascertainment [of population] ... from the last preceding United States census." The phrase "first election 90 days after [ascertainment of population]" operates as a clear time limitation which serves the necessary purpose of ensuring that the population density upon which the ballot question is based remains accurate when the matter is put to the voters. This time limitation would be entirely eviscerated if the petitioners could extend it by waiting several years to file their petition with the court.

court then certifies to the county commissioners and to the township supervisors the population of the township. *Id.*

Section 206 of the Code, 53 P.S. § 55206, provides the second way in which the population of a township may be ascertained. Section 206, titled "Proclamations by county commissioners," states:

> In addition to the procedure provided in the preceding section, the county commissioners of each county shall, following each decennial census of the United States, ascertain from such census whether any township of the second class in the county has a population of three hundred inhabitants to the square mile, and shall immediately certify the fact that any township has a population of three hundred inhabitants to the square mile to the township supervisors of the township.

53 P.S. § 55206.

Section 208 of the Code, 53 P.S. § 55208, provides that if a majority of votes cast are in favor of becoming a township of the first class, a government of the township of the first class shall be organized and become operative on the first Monday of the January next succeeding such election, at which time the terms of the officers of the township of the second class shall cease and terminate.

In this regard, we note that the Code was promulgated to reenact, amend and revise the Act of June 24, 1931, P.L. 1206, 53 P.S. § 55209a, amended by the Act of July 24, 1941, P.L. 502. The 1931 Act contained no provision for the filing of a petition by registered voters of the township in order for the question of a change in township status to be voted upon, but did contain the "first election after" limitation with respect to the population ascertainment.[3] We do not believe that when the Act of 1941 added the requirement of a petition signed by at least five percent of the registered voters, the General Assembly intended to abrogate the longstanding time limitation, and frustrate the salutary purpose it serves.

Accordingly, we affirm.

### ORDER

AND NOW, this 26th day of September, 2014, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED.

---

**3.** Section 207 of the Act of 1931 provided:

At the first general or municipal election occurring at least ninety days after the ascertainment, by special enrollment or from the United States census, including the United States census of one thousand nine hundred and thirty and each subsequent census, that any township of the second class has a population of at least three hundred inhabitants to the square mile, the question whether such township of the second class shall become a township of the first class shall be submitted to the voters of the township, and the county commissioners shall cause to be printed on separate ballots, to be used in such township at such election, a proper question framed in accordance with the election laws of the Commonwealth.

53 P.S. § 55209a.